```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/6/2015__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
        :
RAFAEL QUEZADA,        :
        :
                           Petitioner,  :
        :
              - against -        :        13-CV-8574 (VSB)
        :
MICHAEL CAPRA,        :        **ORDER**
Superintendent, Sing Sing Correctional  :
Facility,        :
        :
                           Respondent.  :
        :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Pro se Petitioner Rafael Quezada filed a petition for a writ of habeas corpus on November 28, 2013.[1] (Doc. 1.)  On May 14, 2014, Respondent filed a motion to dismiss the petition on the basis that Petitioner failed to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  (Doc. 18.)  Before me are the Report and Recommendation of United States Magistrate Judge Michael H. Dolinger, issued on March 24, 2015 (the "Report and Recommendation" or "R&R," Doc. 21), and Petitioner's objections to the Report and Recommendation, filed on March 31, 2015, (Doc. 22).[2]  Because I agree with the R&R, I overrule Petitioner's objections and ADOPT the Report and Recommendation in its entirety. Accordingly, Respondent's motion to dismiss the petition for a writ of habeas corpus is GRANTED.

---

[1] A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. *See Hodge v. Greiner*, 269 F.3d 104, 106 (2d Cir. 2001).  Therefore, I treat the signature date on documents filed by Petitioner as the presumptive filing date of those documents.

[2] Respondent did not file a response to Petitioner's objections within the fourteen-day period for doing so. *See* Fed. R. Civ. P. 72(b)(2).

## I. Legal Standard

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Judge Dolinger's Report and Recommendation.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report, *id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clear error standard also applies when objections are general, conclusory, or simply reiterate the arguments previously made in a party's submissions. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations.").

## II. Discussion

Petitioner's objections are general in nature and restate arguments previously made in his memorandum of law in opposition to Respondent's motion, (Doc. 19); therefore, Petitioner's arguments likely merit review only for clear error, *see, e.g., Ortiz*, 558 F. Supp. 2d at 451.

However, I will undertake de novo review in an abundance of caution and in the interest of fairness to the pro se Petitioner.  *See Bingham v. Duncan*, No. 01-CV-1371, 2003 WL 21360084, at *1 (S.D.N.Y. June 12, 2003).  Specifically, while conceding that his petition was untimely filed under 28 U.S.C. § 2244(d), Petitioner again argues that he is entitled to equitable tolling of the statute of limitations because he has limited education, does not speak English, lacks access to Spanish-language legal resources in the facility in which he is incarcerated, and was in essence abandoned by the prison law clerk who had previously been helping him prepare his petition until he found a different volunteer to provide such assistance.  (*See* Doc. 22, at 2-5.)

A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  The Second Circuit held in *Diaz v. Kelly*, 515 F.3d 149 (2d Cir. 2008), that the inability to speak English can constitute an extraordinary circumstance warranting equitable tolling, but that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency."  *Id.* at 154.  *Diaz* makes clear that the unavailability of Spanish-language resources inside a prison is in and of itself insufficient to entitle a petitioner to equitable tolling.  Rather, to satisfy the reasonable diligence requirement, the prisoner must generally undertake some effort to obtain assistance in his language from outside the prison:

> Neither Diaz nor Tan have alleged efforts that satisfy the diligence requirement. Both have claimed nothing more than the unavailability of personnel within their prisons who could translate for them during the applicable limitations periods. There is no allegation of any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement.  Equitable tolling was properly rejected in their cases.

*Id.*; *see also, e.g.*, *Diaz v. Lee*, No. 98-CV-5575, 2013 WL 491528, at *2 (S.D.N.Y. Feb. 8, 2013); *Romero v. Ercole*, No. 08-CV-4893, 2009 WL 1181260, at *6 (E.D.N.Y. Apr. 30, 2009).

As Judge Dolinger thoroughly explained, the record here is devoid of any showing that would enable Petitioner to satisfy the standard for reasonable diligence set forth in *Diaz*. Judge Dolinger noted in the R&R that Petitioner "includes no details as to what efforts he made between 2010 and November 2013 to obtain assistance or to locate his paperwork." (Doc. 21, at 18.) In his objections to the R&R, Petitioner's description of his efforts to pursue assistance within the prison remain similarly vague. Petitioner simply asserts that he "pursued diligently through the law library someone who could not only assist him with the filing of a habeas corpus, but an individual who could speak his native language, and could explain what needed to be done." (Doc. 22, at 3.) Petitioner's description of his efforts to obtain assistance are insufficient to explain why he failed to file his petition for a writ of habeas corpus for nearly two years after his limitations period began to run. Furthermore, Judge Dolinger correctly found that "[t]here is also nothing to suggest that [Petitioner] made efforts to locate assistance outside of the prison, nor did he identify any circumstances that would make such efforts unfeasible." (Doc. 21, at 19.) The record is wholly devoid of any suggestion that Petitioner pursued Spanish-language legal assistance outside the prison at any time.

Accordingly, under de novo review, I also find that Petitioner failed to show that he diligently pursued his rights prior to filing his petition. *See Holland*, 560 U.S. at 649. Petitioner is therefore not entitled to equitable tolling, and the petition is untimely pursuant to 28 U.S.C. § 2244(d)(1) and must be dismissed.

### III. Conclusion

Having reviewed the Report and Recommendation and all other materials in the record, I

am in complete agreement with Judge Dolinger and hereby ADOPT the Report and Recommendation in its entirety.  Respondent's motion to dismiss the petition, (Doc. 14), is GRANTED.  The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 14, mail a copy of this order to the *pro se* respondent, and close the case.

    Because Petitioner has not made a "substantial showing of the denial of a constitutional right," no certificate of appealability shall issue.  28 U.S.C § 2253(c)(2).

SO ORDERED.

Dated: May 6, 2015
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge